Statement of the Case — On Exceptions.
MONROE, J.
This is an action to disbar defendant from the practice of law, and is a proceeding with reference to which this court is vested, by the Constitution, art. 85, with exclusive original jurisdiction, “with power to disbar, under such rules as may be adopted by the court.” The action is brought by the Attorney General, aided by members of the “commission,” hereinafter referred to, and agreeably to so much of rule 15 of the rules of this court as reads:
“The present commission of five lawyers appointed at New Orleans * * * shall be charged with the special duty of investigating any complaints made against members of the bar touching professional misconduct, and, if said commission shall be of opinion that a probable cause of disbarment exists against said member of the bar, the said commission shall certify the facts to the Attorney General of the state, and it shall thereupon be his duty to file in this court a suit to disbar the offending attorney, and said bar commission shall designate one or two of its members to associate with and assist said Attorney General in the said prosecution. All of said proceedings shall be in the name of the state of Louisiana, at the cost of the defendant, if condemned; otherwise without costs.”
The petition alleges, in substance, that defendant took the oath and was licensed as an attorney and counselor at law, and was practicing his profession during the occurrences thereafter naTrated; that Harold A. Moise, a member of the bar, had been retained to represent Bertha Ellis, who was named testamentary executrix of Ida Dardenne, deceased wife of Joseph Cryer, whose succession was opened in the civil district court on June 11, 1911, and that, acting his professional capacity, he caused said Bertha Ellis to be emancipated and to be qualified as such executrix; that in March, 1911, said Cryer, had made a dation en paiement to his wife of an undivided half interest in certain immovable property in New Orleans and in Livingston parish, and that the New Orleans property was incumbered by a mortgage which he had imposed upon it in 1909 to secure a note for $850, dated April 19, 1909, made payable in one year, and bearing interest at 8 per cent.; that in June, 1911, Frank B. Twomey caused ex-ecutory process to issue on said mortgage and note, under which the property was sold for $2,260 cash, from which, after payment of the note, with interest and costs and prior mortgages and liens, there was left a balance of $432.25, and that said Moise, in the discharge of his duty as her attorney, obtained an order of court directing the sheriff to pay said balance to Bertha Ellis, executrix 'of Ida Dardenne, in order that it 'might be distributed among the creditors of her succession ; that the cheek, payable to the order of Bertha Ellis, executrix, was indorsed by her in blank, and delivered by her to said Moise, who indorsed it over to Carl C. Fredericks, a notary public, who deposited it to the credit of his account in the German American Savings Bank & Trust Company, in this city, and that it was duly collected by said bank; that the client of said Moise was a negress, the succession which she was administering owed certain debt's, and that, in placing said money in the hands of Fredericks, said Moise acted in good faith and for the preservation of the estate; that thereafter, in October, 1911, the defendant herein, who, relator charges, was advised and knew that said Moise represented Bertha Ellis and that there were debts due by the *584 succession administered by her, improperly and unprofessionally took a rule on said Moise, on behalf of said Bertha Ellis, executrix, to have said money delivered to her, but that said rule was taken in the emancipation proceeding, and, relator is informed, was dismissed or abandoned; that about October 31, 1911, said Cary took another rule, in the succession of Ida Dardenne, in which he unprofessionally suggested to the court that said Moise was without authority of court or of Bertha Ellis, executrix, to collect said $432.25 belonging to the succession, and falsely and improperly and unprofessionally charged that said Moise had converted said money to his own use; and that said defendant took another rule in said succession, the object of which was the setting aside and dissolution of “the petition herein filed,” falsely alleging that the succession of Ida Dardenne owed no debts; and.that the allegations of both rules were sworn to by said defendant; that said Moise, on being informed of said rules, took, by check from Carl C. Fredericks, the said sum of $432.25, and, after collecting the same, deposited the money in the registry of the court; that defendant, at the time said rules were taken, was fully aware that the said Bertha Ellis had retained said Moise as her attorney, that he had represented her in the matter of her emancipation, and that he had been retained by her to open the succession of Ida Dardenne and to represent her as executrix, and that defendant had cognizance of all the proceedings as herein set forth; that relator is informed and believes, and so charges, that defendant, being aware that said Moise was retained to represent Bertha Ellis in the succession of Ida Dardenne, did, about September 11, 1911, after consultation with Clora Little, aunt of Bertha Ellis, dissatisfy said Bertha Ellis and Clora Little with the services of said Moise in said • succession, with the purpose of conducting the litigation himself; that, on the trial of the rules heretofore mentioned, Bertha Ellis falsely swore that she had never authorized Harold A. Moise to collect the cheek from the civil sheriff; that she had never retained or employed him even to bring her down and have her emancipated; that she told him she did not wish to be emancipated; and that she denied her signature to, the employment of said Moise; “that, notwithstanding the said John W. Cary knew of the employment, as stated above in this petition, he fraudulently attempted to induce, and did induce, the said Bertha Ellis to swear falsely as aforesaid.”
“Your relator avers and charges that the said John W. Cary has been guilty of professional misconduct by his acts above mentioned:
“First. In attempting to undermine and displace another member of the bar, in good standing, and in recklessly. and wantonly attacking the character of a member of the bar in good, standing.
“Second. In fomenting litigation.
“Third. In falsely swearing that the succession of Ida Dardenne owed no debts.
“Fourth. In falsely swearing that Harold A. Moise, Esq., was without authority to represent Bertha Ellis.
“Fifth. In attempting to induce, and in inducing, Bertha Ellis, a witness, to swear falsely in a judicial proceeding.
“Your relator further shows that the matters and things herein set forth have been investigated by the commission of attorneys appointed by this honorable court in connection with disbarment proceedings, under rule 14 (47 South. ix[1]) of this honorable court, and that said committee are of opinion that a probable cause for disbarment exists against the said John W. Cary, and have certified the facts as herein set forth. Wherefore, relator prays that John W. Cary be cited, and, after hearing, disbarred,” etc.
And the petition is signed by the Attorney General and by the five members of the commission.
On January 22d defendant, by way of exception, pleaded as follows:
“That the same subject-matter alleged and charged in relator’s petition, herein filed against your defendant, has been adjudged in a criminal prosecution had against your defendant; that averments in judicial proceedings, in the *586 absence of malice shown, are privileged under the law, and the case dismissed.”
On June 14th he further excepted:
“That said attorney, Harold A. Moise, the complainant in relator’s petition herein filed, sets up in said petition that your defendant has committed perjury and subornation of perjury in a judicial proceeding, to his injury, and said attorney, Harold A. Moise, has not exerted himself to bring your defendant to justice, thereby admitting his guilt; therefore said attorney, Harold A. Moise, has no cause of action, nor standing in court, as one who_ has suffered from a felony cannot maintain a civil action against the felon until he has discharged his duty to the public in respect of prosecuting the public wrong.”
Opinion.
[1] 1. Save for the statement contained in the first exception and an oral statement by counsel for relator, when the exception was submitted, to the effect that the criminal prosecution therein referred to was dismissed, we have no information concerning that prosecution. No judgment which may or might have been rendered therein, however, could furnish a basis for the plea of res judicata as against the present action; for the law declares that:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” C. C. art. 2286.
And, in no criminal prosecution could the object or the thing demanded have been the same as in this case, nor could the demand have been formed between the parties “in the same qualities.” The plea of res judicata is therefore overruled.
[2] 2. Defendant does not seem to understand the character of this proceeding, which is in the nature of a civil action, prosecuted under the authority of the state, not for the benefit of any individual, or for the punishment of the defendant, but for the protection of the courts and of the legal profession, the members of which are officers of the courts; and, save as a possible witness, the attorney whose name is so frequently mentioned in the petition has nothing to do with it. The exception of no cause of action, and no standing to prosecute, directed against Harold A. Moise, is therefore overruled.

 122 La. vii.